IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHAWN BLAIR WIGGINS                                                                 PLAINTIFF

v.                                      Civil No.6:17-cv-06097

WENDY KELLEY, Director Arkansas
Department of Correction; N. FAUST,
Warden Ouachita River Correctional
Unit; and A. JACKSON, Ouachita River
Correctional Unit                                                                 EFENDANTS

## ORDER

Before the Court is Plaintiff Shawn Blair Wiggins' failure to obey two court orders. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* in the Eastern District of Arkansas. (ECF No. 2). On September 18, 2017, the case was transferred to the Western District of Arkansas, Hot Springs Division. (ECF No. 4).

On September 21, 2017, the Court entered an order directing Plaintiff to submit an amended complaint by October 6, 2017, in order for Plaintiff to state how each named Defendant violated his federal constitutional rights. (ECF No. 6). Plaintiff did not respond. On October 27, 2017, the Court entered an order directing Plaintiff to show cause by November 13, 2017, as to why he failed to file an amended complaint. (ECF No. 7). The order informed Plaintiff that failure to comply with the order would result in the Complaint becoming subject so summary dismissal for failure to obey an order of the Court. To date, Plaintiff has not responded to the Court's order to show cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey two of this Court's orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 17th day of November, 2017.

*/s/ P. K. Holmes, III*
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE